**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MIGUEL ODON REYES GUTIERREZ,

Petitioner,

v. Case No. 3:26-cv-323-WWB-SJH

WARDEN RONNIE WOODALL, et al.,

Respondents.

---

**ORDER**

On July 2, 2026, the Court granted the Petition to the extent that it ordered Respondents to either (1) provide Petitioner with a bond hearing; or (2) release him from custody. (Doc. 16). Petitioner has now filed an Emergency Motion to Enforce Judgment ("**Motion**," Doc. 18). He argues that Respondents did not comply with the Court's Order because the immigration judge ("**IJ**") found Petitioner's detention is mandatory "without a genuinely individualized assessment of whether present circumstances demonstrate that detention is necessary." (*Id.* at 3). Specifically, Petitioner contends that a denied asylum application and pending DACA application do not establish that he will fail to appear for immigration proceedings. (*Id.* at 4). As such, he asks that the Court order Respondents to demonstrate that his bond hearing complied with 8 U.S.C. § 1226(a) or provide him with a constitutionally adequate individualized custody determination. (*Id.* at 5).

Respondents filed a response opposing the Motion, in which they argue that Petitioner's bond hearing complied with the Court's judgment. (Doc. 21). According to Respondents, the IJ concluded that Petitioner should be denied bond because he was a flight risk. (*Id.* at 2). They maintain the IJ reasoned that, even if Petitioner's DACA

application were granted, it would not give him legal status. (*Id.*). Respondents contend that if Petitioner disagrees with the IJ's decision, he should seek review with the Board of Immigration Appeals, not this Court. (*Id.* at 4). To that end, they argue the Motion should be denied. (*Id.*).

The Court agrees. Here, Petitioner was provided with a bond hearing and nothing suggests that the IJ otherwise failed to make factual findings or conduct an individualized determination. To the extent Petitioner disagrees with the IJ's conclusions, he may file an appeal with the Board of Immigration Appeals or request a custody redetermination. Whether the Court agrees with the IJ's determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding.

Accordingly, it is **ORDERED** that Petitioner's Emergency Motion to Enforce Judgment (Doc. 18) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on September 17, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C: counsel of record